# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEMETRIUS LEWIS,

    Plaintiff,

v.                                             Case No.  8:13-CV-3040-T-30AEP

DAVID GEE, SHERIFF
HILLSBOROUGH COUNTY, et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff is a pretrial detainee currently confined at the Hillsborough County Jail ("HCJ"), Tampa, Florida.  He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).

The complaint names David Gee, the Sheriff of Hillsborough County, Florida, Deputy Baker and Deputy Migues with the Hillsborough County Sheriff's Office, and Armor Correctional Health Services ("Armor"), which provides medical services at HCJ, as defendants in this action.  The complaint appears to allege four causes of action challenging the conditions of Plaintiff's confinement.  Specifically, the complaint appears to allege: 1) a cruel and unusual punishment/excessive use of force claim against Deputy Rawe;[1] 2) a deliberate indifference to Plaintiff's serious medical needs claim against Armor; 3) a challenge to a prison disciplinary proceeding; and 4) a denial of access to the courts claim

---

[1] The complaint, however, does not name Deputy Rawe as a defendant.

against Defendants Baker and Migues.² As relief, Plaintiff requests release from confinement status at HCJ, and "immediate medical treatment."

## DISCUSSION

Fed. R. Civ. P., Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." F.R.C.P. 18(a). However, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act ["PLRA"] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The instant complaint does not raise multiple claims against a single party. Rather, it raises four claims, some of which are unrelated, and none of which pertains to all four defendants.³ The claims are factually and legally distinct from one another. For example,

---

²Although David Gee was named as a defendant, Plaintiff does not allege that David Gee took any action against him.

³Rule 20(a) provides that persons may be joined as defendants in a single action if there "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)(B). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). The complaint does not allege that all defendants participated in the same transaction or series of transactions or that a question of fact is common to all defendants. Plaintiff's claims with respect to the use of excessive force and denial of medical treatment did not arise out of the same transaction, occurrence, or series of transactions as the denial of access to the courts claim.

2


Plaintiff raises an excessive use of force claim against Deputy Rawe, and an unrelated denial of access to the courts claim involving only Defendants Baker and Migues.

The complaint includes misjoined parties and claims, and offers Plaintiff a way around both the fee payment and the three-strike bar.[4] Plaintiff may not circumvent the PLRA's objective of deterring frivolous prisoner complaints by presenting these multiple unrelated claims against multiple defendants in one action.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED**. The dismissal is without prejudice to Plaintiff filing a new complaint, in a new case, with a new case number, that does not improperly join parties and unrelated claims in a single cause of action.[5]

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint, and an Affidavit of Indigency form.

3. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff

---

[4] The PLRA contains a three-strikes rule which prohibits a prisoner from bringing a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action...that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(g).

[5] Dismissal of the complaint without prejudice will not prejudice Plaintiff's pursuit of his claims against Defendants since the applicable statute of limitations in this case is four years. *See Baker v. Gulf & Western Industries*, 850 F.2d 1480, 1481 (11th Cir. 1988).